UNITED SHOE MACHINERY CO. v. GREENE et al.

(Circuit Court, D. Massachusetts. April 7, 1902.)

No. 1,341.

PATENTS—INVENTION—MOLD FOR BOOT AND SHOE HEELS.
  The Coburn patent, No. 364,217, for an improved mold for molding the heels of boots and shoes, covers a meritorious, practical, and useful improvement in the art, which was not anticipated, and discloses patentable invention.

In Equity. Suit for infringement of letters patent No. 364,217, issued to Gilman R. Coburn June 7, 1887, for a mold for molding heels for boots or shoes. On final hearing.

James E. Maynadier and George A. Rockwell, for complainant.
Charles H. Drew, for defendants.

COLT, Circuit Judge. This suit is brought upon the Coburn patent, No. 364,217, dated June 7, 1887, for an improved mold for molding the heels of boots and shoes. The invention is for a lip or raised projection on the front of the mold. By means of this lip, the front part of the heel, when molded in a molding machine, "will be squeezed harder than the body of the heel, and beveled according to the shape of the projection; * * * thus molding the heel and beveling its front portion at one operation, and avoiding the use of a hand knife or machine." To avoid marking or marring the sole in the operation of breasting the heel when placed on the shoe, it is necessary to bevel the front part of the heel, so that it will not bear upon the sole. Before the Coburn invention this was done by hand or by a skiving machine. The Coburn mold, with its raised projection cast in a single piece, accomplishes by one operation what previously had required two operations. His mold produces the beveled edge of a heel blank simultaneously with the molding of the heel by compression. It also makes a firmer and harder heel at the back by its tendency to crowd and push the inner lift of the heel blank backward toward the rear edge of the heel. In the art of manufacturing heels the Coburn device represents a step in advance. It has proved a meritorious, practical, and useful improvement. Nearly all molded heel blanks are now compressed in a molding machine having the Coburn lip. In view of these considerations, I do not think the patent is void for lack of invention. Nor do I find the patent anticipated by anything shown in the prior art. Nothing resembling the Coburn lip is found in prior patents for molding machines which compress the heel blank on all sides, or in the pressing machines of the earlier art, in which only the top and bottom of the heel were pressed together. The only thing in the prior art which calls for notice as an anticipation is the Cobb iron die, used for a short time several years before Coburn applied for his patent. This die has a front raised projection or lip; but its purpose was not the same as the Coburn lip, nor are the two lips identical in form. The Cobb lip was for depressing the front of the heel for the purpose of fitting the shank of the shoe, while the Coburn lip is for the purpose of leaving a space next to the sole, so that the front of the heel may not bear upon the sole. The Cobb die was abandoned. This is not strange when we read how it operated. For instance, in stating the manner in which the heels, after being pressed, were taken out of the die, Cobb says:

"The way we did, we took and put a narrow piece of cloth right across before putting the heel in; then, after it was pressed, we took hold of the ends of the cloth and pulled the heel right out."

The claim of the Coburn patent is for "the mold, B, having the forepart, b, raised, as shown, and for the purpose described." This claim must be read in connection with the specification; and it covers, not simply a die with a lip, but a mold having such a raised projection that, when placed in a molding machine, it effects the purposes set forth in the patent. So construed, the claim covers, in my opinion, a

new and patentable improvement in the art of making heels for boots and shoes.

Decree for complainant.